UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL REILLEY, JUNIOR, AND MICHAEL REILLEY, SENIOR, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CAUSE NO. 1:17-cv-04540-RLM-DKL ) ) ) |
| BUTLER UNIVERSITY, STACIE COLSTON PATTERSON, and MARTHA DZIWLIK, | ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE AND OBJECTIONS TO MAGISTRATE JUDGE DINSMORE'S REPORT AND RECOMMENDATION**

**I.     Introduction**

The May 30, 2018, Report and Recommendation ("R&R") issued by Magistrate Judge Mark J. Dinsmore is correct as written. (Doc. 46.) For the reasons set forth herein, Defendants respectfully ask the District Court to overrule Plaintiffs' objections and adopt the R&R as a final judgment on Plaintiffs' claims.

Significantly, Plaintiffs made no objections to the R&R findings of fact delineated in the "Background" section and regarding the sexual encounter at issue. (Doc. 46, p. 2-4, 11.[1]) Accordingly, the facts are deemed undisputed, with one specific exception that is ultimately the focus of Plaintiffs' objections to the R&R on the Title IX and the state law breach of contract claims. That is, Plaintiffs' repeated contention that Defendants should have investigated whether

---

[1] The relevant paragraph is the middle full paragraph, which is without objection by Plaintiffs except for the interpretation of facts as summarized in the last two sentences of that same paragraph.

Reilley consented to oral sex and speculation that Defendants did not investigate because of an alleged gender bias. As specifically addressed below, not only are Reilley's claims of gender-based discrimination and deliberate indifference wholly speculative—they are completely inconsistent with both the underlying investigation records and Plaintiffs' own allegations in the Amended Complaint.

Tellingly, Plaintiffs never objected to the R&R finding that the case Plaintiffs rely upon, *Doe v. University of Chicago*, No. 16 C 08209, 2017 WL 4163960, at *5 (N.D. Ill. Sept. 20, 2017), is completely inapposite. As the Magistrate Judge accurately states, Jane Doe initiated a sexual assault report against Reilley *before* talking with Defendants, so, unlike the *University of Chicago* case, there could have been no encouragement by Defendants to file a complaint, and Plaintiffs do not even allege Defendants believed Jane Doe's complaint was false. (*See* R&R at pp. 8-9.)

What is more, Plaintiffs did not object to the R&R's rejection of Plaintiffs' contention that the hearing was allegedly unfair based on presentation of evidence. Indeed, on that point, Plaintiffs did not dispute the legal conclusion and reliance on cases in the R&R's finding that bias in favor of alleged victims and again perpetrators is not equivalent to bias against male students. (*See* R&R at pp. 9.) Further, Plaintiffs also did not object to the R&R's findings that Plaintiffs' own Complaint allegations negate any possibility of deliberate indifference and that Plaintiffs could not make a Title IX claim regarding delayed receipt of his transcript purportedly based on his status as a student accused of sexual assault.[2] (*See* R&R at pp. 11-12[3].)

---

[2] Defendant recites Plaintiffs' allegation in the transcript issue only for purposes of the Motion to Dismiss. As set forth in the Defendants' Counterclaim, Defendants withheld Reilley's transcript because he did not pay tuition.

[3] As previously noted, Plaintiffs did not contest the summary of the encounter, just the last two sentences interpreting the same. Further, while Plaintiffs generally objected to the finding that the Complaint allegations regarding withholding his transcript did not demonstrate a plausible inference of gender based action, they did not specifically address the Magistrate Judge's analysis supporting that finding, and the District Court only considers specific objections. *Johnson*, 2015 U.S. Dist. LEXIS at *1-2.

Finally, with respect to the state law claims, Plaintiffs present no objection to the R&R's analysis of Plaintiffs' negligence and intentional infliction of emotion distress claims, so there is no dispute there. (*Id.* at pp. 12-16.) As to the state law breach of contract claim, Plaintiffs' only objection is to the R&R's conclusion that Plaintiffs did not allege sufficient facts to support a breach of contract claim based on the student handbook provisions. However, yet again, the focus of this argument is on the purportedly faulty investigation due to failure to investigate consent by Reilley. Essentially, Plaintiffs are arguing the investigators should not have accepted Reilley's rendition of facts on the encounter, and thus the investigation was flawed. A procedural issue or flawed investigation, however, is not enough to survive a motion to dismiss, even when the outcome is adverse to the accused (which did not happen in this matter). *Doe v. Purdue University*, No. 2:17-cv-33-PRC, 2017 U.S. Dist. LEXIS 188728, at *45-47 (N.D. Ind. Nov. 15, 2017). For all of the reasons and those more specifically addressed below, Defendants respectfully request the District Court to adopt the R&R, and enter final judgment on Plaintiffs' claims.

## II.   Legal Argument

### A.   Standard of Review on Objections to Report and Recommendations

A district court reviews *de novo* any part of the magistrate judge's disposition on a case-dispositive ruling where the opposing party makes proper, specific and written objections. *Johnson v. Globus Med., Inc.*, No. 1-14-cv-00730-SEB-MJD, 2015 U.S. Dist. LEXIS 749 at *1-2 (S.D. Ind. Jan 5, 2015) (citing Fed. R. Civ. Pro. 72(b)(3)); *see also Johnson v. Zema Sys. Corp.*, 170 F.3d 734 (7th Cir. 1999) (citing 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of *those portions* of the report or specified proposed findings or recommendations to which objection is made.") (emphasis in the original quote)). "The district court may accept,

reject, or modify the recommendation disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Johnson*, 2015 U.S. Dist. LEXIS 749 at *1-2.

### B. Supplemental Jurisdiction Is Within the District Court's Discretion

It is appropriate for the District Court to retain jurisdiction and issue a ruling on any remaining pendant state law claims. Plaintiffs, without citation to case law or authority, erroneously argue the District Court should remand all state law claims to state court without assessment or ruling. Under 28 U.S.C. § 1367(a), the District Court has supplemental jurisdiction over state law claims that are "so related" to the action forming the basis of original jurisdiction (here the Title IX claims) that "they form the part of the same case or controversy." *Boogaard v. NHL*, 891 F.3d 289, 294 (7th Cir. 2018). Further, under the "common sense" pendant jurisdiction doctrine, a determination of state law claims by the District Court is appropriate when consistent with notions of fairness, convenience, and judicial economy.[4] *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994) (citing *Rosado v. Wyman*, 397 U.S. 397, 405 (1970)). In addition, the District Court has "broad power in determining . . . whether it is appropriate to retain jurisdiction over the state law claims." *Volling v. Kurtz Paramedic Servs.*, 840 F.3d 378, 385-386 (7th Cir. 2016) (citing *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 729 (7th Cir. 1998)). Pendant jurisdiction provides the District Court "power" to exercise jurisdiction under its sound discretion. *Id*.

First, all of Plaintiffs' claims arise out of the facts set forth in the Background section about the sexual encounter between Jane Doe and Reilley Junior and the following complaint and investigation, which are undisputed. Second, under the common sense supplemental jurisdiction

---

[4] Because the parties have not addressed Defendants' Counterclaim and it is also not directly related to the facts of the Plaintiffs' four claims, Defendants suggest that its Counterclaim be remanded to state court as it does not fall within the exception.

4

doctrine, the parties in this matter have fully briefed all claims asserted by Plaintiffs against Defendants, including the state law claims, and the Magistrate Judge has already fully evaluated the claims as set forth in the R&R. Therefore, the parties and the Court have already dedicated significant and substantial resources to examination of the issues. Moreover, there is no use remanding the state law claims of negligence and intentional infliction of emotional distress as resolution of them is straightforward, and Plaintiffs presented no objections to the R&R's conclusion recommending their dismissal. Further, the breach of contract claim is likewise straightforward, and there is a nexus of common core facts on the incident and investigation supporting Plaintiffs' contentions in both the federal Title IX claim and the breach of contract claim. Accordingly, Defendants respectfully request the District Court to utilize its power, in the exercise of its sound discretion, to retain jurisdiction of the state law claims, and adopt the R&R to dismiss the state law claims with prejudice. *See e.g.*, *Volling*, 840 F.3d at 385-86 (district court dismissed Title VII claim and exercised pendant jurisdiction to dismiss a state law claim under the Illinois whistleblower act).

C. **Plaintiffs' Objections On the Standard of Review and His Newly Alleged Lack of Consent Issue Lack Credibility and Are Insufficient**

The R&R properly evaluates the facts as pleaded by Plaintiffs, and Plaintiffs' objections are without merit as addressed below for the **first three objections**:

- **to R&R Page 6: "Reilley has failed to allege facts to create a plausible inference that gender bias was a motivating factor in the disciplinary proceeding against him or in the imposition of any sanctions. He does not allege statements by anyone involved in the disciplinary proceedings or any other Butler official to suggest gender motivation. Nor does he allege a pattern of decision making to suggest gender bias."**

- **to R&R Page 7:** [T]here is no allegation to suggest that Butler subjects male students accused of sexual misconduct to the disciplinary process because they are male rather than because they have been accused of sexual misconduct. Furthermore, Reilley offers no allegation that Butler treats female students accused of sexual misconduct

5

> **more favorably than it treats male students so accused, which dooms his selective enforcement claim."**
>
> **to R&R Page 8**: **"Reilley ignores the pertinent fact that Doe lodged a sexual assault complaint against *him*, and he never made a complaint against *her*."**

**Defendants' Response:**

The R&R utilized the appropriate standard in considering a motion to dismiss, as the Magistrate Judge accepted any well-leaded facts and drew inferences in Plaintiffs' favor. *Vexol S.A. de C.V. v. Berry Plastics Corp.*, 3:15-cv-000555-TWP-MPB, 2016 U.S. Dist. LEXIS 115374, * 2 (S.D. Ind. Aug. 29, 2016). In assessing a Federal Rule of Civil Procedure 12(b)(6) motion, dismissal is appropriate if the complaint fails to set forth facts upon which relief may be granted. *Id*. at *6-7. Further, the allegations in a complaint must contain facts to state a claim to relief that is "*plausible* on its face." *Id*. (emphasis added).

In support of Plaintiffs' objection to the above referenced findings, Plaintiffs cited *Doe v. Miami Univ.*, 882 F.3d 579, 591 (6th Cir. 2018), where the Sixth Circuit affirmed dismissal of a Title IX deliberate-indifference claim because the conduct in question did not rise to the level of "severe, pervasive and objectively offensive." In that case, an investigation followed the filing of a complaint by a female student's friend. The female student recalled kissing the male student but also presented serious allegations against the male student during the investigation. The male student alleged he had no recollection of the incident whatsoever. The Sixth Circuit in *Miami Univ.* found that the alleged non-consensual kissing, while unacceptable, did not rise to the level of severe, pervasive or objectively offensive behavior sufficient to assert a claim under Title IX. *Id*. at 591-92.

Unlike the male student in *Miami Univ.*, however, in the present case, Reilley claimed he had a specific memory of the incident (versus a blackout), and he specifically disavowed that anything inappropriate occurred between Jane Doe and him whatsoever. (*See* Dkt. 25-1 at pp. 3-

4.) More so, the inconsistency between Reilley's rendition of events during the investigation and in the Complaint (limiting contact to kissing and touching and adamantly contending no oral sex occurred) versus the current legal argument advanced by Plaintiffs (that Defendants should have investigated whether Reilley consented to oral sex) discredits their objections. As previously noted, Reilley denied oral sex occurred and said their encounter was uneventful. Further, Plaintiffs actually plead in the Amended Complaint, "[w]hile in the bathroom, Jane Doe consensually performed oral sex on Reilley" and "[a]ll sexual contact that occurred in the bathroom was consensual, as defined by the guidelines in the Butler handbook." (Dkt. 1-1 at 6, Dkt. 25-1 at 3.)

Moreover, in *Doe v. Purdue Univ.*, the court held a selective enforcement claim cannot be based on initiation of a proceeding, and, since Doe initiated this proceeding, it cannot form the basis of such a claim. 281 F. Supp. 3d 754 (N.D. Ind. Nov. 15, 2017). Further, per *Purdue Univ.*, given there was no penalty issued against Reilley in this matter, there is no basis to consider a selective enforcement claim based on the penalty, which considers the punishment and whether similarly situated individuals in a different gender were treated differently. *Id.* There is simply no causal connection alleged between the outcome in his favor of his disciplinary proceeding and gender bias. *Id.* at 784. For all of these reasons, Plaintiffs' objections are simply *not plausible* based on the facts plead, and therefore they should be overruled.

The remaining objections to Butler's treatment of claims, whether Butler should have investigated consent by Reilley, and the provision of Reilley's transcript – are equally without merit, as addressed below for the **remaining five objections**:

- **to R&R Pages 9 – 10: "Reilley asserts no facts to suggest that Butler would have treated a female accused of sexual assault any differently in its investigation or disciplinary proceeding."**

7

- **to R&R Page 10: "First and importantly, Reilley never made a claim of sexual assault against Doe. This distinguishes this case from those cited by Reilley to support a claim of deliberate indifference."**

- **to R&R Page 10: "[E]ven assuming that Reilley did not have to make a claim of sexual assault in order for Butler to begin the investigation, Reilley pleaded no facts to suggest any sexual harassment or misconduct against him."**

- **to R&R Page 11: "Reilley has not alleged sexual harassment directed at him by Doe (or anyone else for that matter.) Nor has he alleged that Butler had any knowledge of any supposed harassment.**

- **to R&R Page 11: "Reilley complains that his transcript was withheld from him and this interfered with his ability to transfer. But again, he has not made any allegation to raise a plausible inference that his transcript was withheld from him for any period based on his gender."**

**Defendants' Response:** In support of many of these objections, Reilley repeatedly claims that there was actual knowledge of Jane Doe's alleged misconduct, but no one investigated it. Yet, Plaintiffs glaringly gloss over Reilley's own specific contention that nothing improper occurred at all. (*See* Dkt. 25-1 at pp. 3-4.) Indeed, Plaintiffs do not even dispute the summary of this part of the record contained in the R&R, because they cannot.

Plaintiffs also contend that holding a meeting with Reilley prior to an exam and proceeding to a neutral panel hearing constitute gender discrimination. Yet, an issue with the process of the investigation itself is not enough to create a Title IX claim. *Purdue University*, 2017 U.S. Dist. LEXIS 188728 at *45-47. Plaintiffs also continue to assert withholding Reilley's transcript was based on his gender, but this contention is merely unsupported speculation. *Purdue University*, 2017 U.S. Dist. LEXIS 188728 at *45-47. Further, Reilley continues to ignore and fails to rebut Defendants' non-gender based reason to delay provision of a transcript to a student—which is non-payment.

What is more, Plaintiffs try to make up for failing to state claims by suggesting they need to obtain discovery. However, what Plaintiffs are really suggesting is that they need discovery to obtain information on claims that are otherwise based on complete speculation. This is not allowed. "While the federal rules only require a 'short and plain statement of the claim,' they do not authorize the parties to embark on 'fishing expeditions' in search of possible causes of action." *Robinson v. Midland Club*, No. 94 C 1459, 1995 U.S. Dist. LEXIS 10729, at *24-25 (N.D. Ill. July 26, 1995); *see also Berry Plastics*, 2016 U.S. Dist. LEXIS 115374 at *13-14 ("Further, Plaintiffs cannot use a threadbare complaint to justify conducting a fishing expedition in search of a viable cause of action.").

For all of these reasons, Plaintiffs' objections to these findings should be overruled.

### D. **Plaintiffs' Proposed Second Amended Complaint Is Futile**

By contending their proposed amendments to the Complaint "would cure the deficiencies," Plaintiffs concede the initial Complaint should not survive a motion to dismiss. (*See* Doc. 48, Pls. Response at p. 2, Part I.) As for the proposed amendments, Plaintiffs' sweeping objection to the Court's R&R, without any analysis or specific objection as to how the changes create a plausible claim under Title IX, is insufficient. Nonetheless, Plaintiffs' main and repeated contention against dismissal of this case is that Defendants "had actual knowledge of Jane Doe's sexual misconduct and they failed to investigate Jane Doe." (*See* Response at p. 2, Part I.) As noted above, Plaintiffs' argument regarding misconduct by Jane Doe is completely unsupported in the record. Not only did Reilley never complain about Jane Doe to the investigators, but he flat out denied oral sex or sexual intercourse ever occurred and instead provided a vivid account of the bathroom encounter as consensual and ending with a kiss goodbye. (*See* Dkt. 25-1 at pp. 3-4.) For all of these reasons, Plaintiffs' objections to these findings should be overruled.

### III. Conclusion

WHEREFORE, Defendants, Butler University, Stacie Colston Patterson, and Martha Dziwlik, respectfully request the District Court to overrule Plaintiffs' objections and adopt Magistrate Judge Dinsmore's Report and Recommendation, and in so doing, grant Defendants' Motion to Dismiss and deny Plaintiffs' Motion to File Leave to File a Second Amended Complaint.

Respectfully submitted,

/s/ Dorothy D. McDermott
Craig W. Wiley
Dorothy D. McDermott
Melissa K. Taft
Jackson Lewis P.C.
10 West Market Street, Suite 2400
Indianapolis, Indiana 46204
Tel:    (317) 489-6930
Fax:   (317) 489-6931
E-mail:  dorothy.mcdermott@jacksonlewis.com
             wileyc@jacksonlewis.com
             melissa.taft@jacksonlewis.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2018, a copy of the foregoing *Defendants' Reply to Plaintiffs' Response and Objections to Magistrate Judge Dinsmore's Report and Recommendation* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Charles C. Hayes
>Jane H. Ruemmele
>Hayes Ruemmele LLC
>141 East Washington Street, Suite 225
>Indianapolis, Indiana 46204
>charles@chjrlaw.com
>jane@chjrlaw.com


/s/ Dorothy D. McDermott

4825-6708-5165, v. 1